IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRAVIS IRIONS, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| THE KOTTER GROUP, LLC, and ) | |
| ADAM KOTTER, ) | COLLECTIVE CERTIFICATION |
| ) | SOUGHT |
| Defendants. ) | |
| ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Travis Irions (hereinafter "Plaintiff"), and files this lawsuit against Defendants The Kotter Group, LLC, and Adam Kotter (hereinafter collectively "Defendants"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## II.  Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant The Kotter Group, LLC is now, and at all times relevant to this action has been, a corporation conducting business within this judicial district; Plaintiff was employed by Defendants to perform services within this judicial district; and the unlawful employment practices described herein occurred at 1236 Tred Avon Way, Lilburn, GA, 30047. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

5.

Defendant The Kotter Group, LLC. may be served with process by delivering copies of the summons and complaint to Defendant The Kotter Group, LLC's registered agent, Lisa Ann Kotter, c/o The Kotter Group, LLC, 1419 Saint Michaels Court, Lilburn, Georgia 30047.  Defendant Adam Kotter may be served with process by delivering copies of the summons and complaint to 1236 Tred Avon Way, Lilburn, GA, 30047, which is the business address for Defendant Adam Kotter and Defendant The Kotter Group, LLC.

### III.  **Parties**

6.

Plaintiff is a citizen of the United States of American; a resident of the State of Georgia, residing at 699 Argonne Ave #4, Atlanta, Georgia 30308; and is subject to the jurisdiction of this Court.

7.

Plaintiff worked for the Defendants from March 10, 2008 through August 2, 2010, during which time he provided computer technical support services.

8.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

9.

Plaintiff performed non-exempt labor for the Defendants within the last three years.

10.

Defendants employed the named Plaintiff during the relevant time period.

11.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

12.

During Defendants' employment of Plaintiff, Plaintiff was engaged in commerce or in the production of goods for commerce.

13.

Defendant The Kotter Group, LLC is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

14.

Defendant Adam Kotter is the Owner and Manager over the entire office of The Kotter Group, LLC and was Plaintiff's supervisor.  Defendant Adam Kotter had discretion over Plaintiff's payroll and overtime compensation.  Defendant

Adam Kotter had discretion to review Plaintiff's work schedule and hours worked. Defendant Adam Kotter had discretion to hire and fire Plaintiff. Defendant Adam Kotter had discretion to exercise significant control over Plaintiff and over the functions of The Kotter Group, LLC. Defendant Adam Kotter works both directly and indirectly in the interest of The Kotter Group, LLC and was in a supervisory position over the named Plaintiff.

15.

The Kotter Group, LLC is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

16.

Defendant Adam Kotter is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

17.

Defendants are governed by and subject to FLSA § 4 and FLSA §7, 29 U.S.C. §204 and §207.

### IV. Facts

18.

Plaintiff worked for the Defendants within the past three years.

19.

During Plaintiff's employment with the Defendants, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

20.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

21.

Defendants, individually and collectively, jointly and severally, have violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

22.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VII. Prayer for Relief

23.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)  Grant class certification;

(E)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 23rd day of December, 2010.

                              **BARRETT & FARAHANY, LLP**

                              /s/Amanda A. Farahany
                              Amanda A. Farahany
                              Georgia Bar No. 646135
                              Attorney for Travis Irions

1401 Peachtree Street
Suite 101
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile